UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH ELLER,

                Plaintiff,

v.                                                Case No. 13-11192

LAW OFFICES OF FISHMAN
& TOWNLEY, P.C., et al.,                  HON. TERRENCE G. BERG
                                                    HON. LAURIE J. MICHELSON

                Defendants.
_____/

**ORDER DENYING PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION</u>**

This matter is before the Court on Plaintiff Sarah Eller's November 11, 2013 motion for reconsideration (Dkt. 17) of the Court's October 29, 2013 order granting leave to amend the complaint. Having reviewed the motion and accompanying exhibits, and the remainder of the record, the Court finds that these documents adequately present the issues now before the Court, and that oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

For the reasons set forth below, it is ORDERED that Plaintiff's motion for reconsideration (Dkt. 17) is DENIED.

### I.    LEGAL STANDARD

Under Local Rule 7.1, the Court may grant a motion for reconsideration if the movant satisfactorily shows: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of such defect would result in a

different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Further, the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

## II. ANALYSIS

Plaintiff makes essentially two interrelated arguments in support of her motion for reconsideration of the Court's denial of leave to add Marc Fishman as a defendant: (1) the allegations in the complaint were adequate to state a claim against Marc Fishman; and (2) Sixth Circuit case law, in particular *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008), provides that a person in Fishman's position may be liable for violations of the Fair Debt Collection Practices Act regardless of whether he or she is personally involved in the alleged violations of the Act. After carefully considering the arguments in Plaintiff's motion the Court is not persuaded that a palpable defect has been shown that would result in a different disposition. Therefore, the Court will not alter or amend its previous order.

Plaintiff's first argument is that the Court erred in denying her request to add Marc Fishman as a defendant because, Plaintiff now alleges, Fishman personally provided "false, deceptive and/or misleading information to [Plaintiff]"[1] when he requested a writ of garnishment against Plaintiff's income tax refund. (Dkt. 17 at 3–

---

[1] The language of the Act is "false, deceptive, *or* misleading." 15 U.S.C. § 1692e (emphasis added).

2

6.) As a threshold matter, this argument must fail because these facts concerning Fishman's conduct were not alleged in the amended complaint.[2] (Dkt. 15.) Because these facts were not alleged, the Court need not address the other reasons the argument fails. Nevertheless, the Court notes that the garnishment was signed by Marc Fishman on June 26, 2012, and issued by the Court on September 17, 2012 (Dkt. 17, Ex. A). These actions by Fishman occurred well before Plaintiff's debts were allegedly discharged in bankruptcy, creating a question as to whether the communication was in fact "false, deceptive, or misleading," 15 U.S.C. § 1692e. Plaintiff must allege that Fishman made a communication that was "false, deceptive, or misleading," but these new facts do not amount to a plausible allegation that he made such a communication.

The second of Plaintiff's arguments is that, under *Kistner*, Fishman may be held liable simply because he is "in charge of a debt collection entity's policy making[] [and] management and policy decisions." (Dkt. 17 at 6–7.) This reading of *Kistner* is incorrect.

*Kistner* held in pertinent part that "subjecting the sole member of an LLC to individual liability for violations of the FDCPA will require proof that the individual is a 'debt collector,' but does not require piercing of the corporate veil." *Kistner*, 518 F.3d at 437–38. The Court's previous order is not in conflict with this point of law. Contrary to Plaintiff's argument, *Kistner* did not hold that a sole member of an LLC, or a managing partner or anything of the sort, could be held personally liable

---

[2] The closest Plaintiff comes to alleging these facts in the amended complaint is paragraph 14—"[t]he Garnishment was obtained by Fishman and/or FGPC and/or FTPC." But Plaintiff's use of "and/or" *twice*, without punctuation or additional explanation, drains the allegation of any real meaning.

for violations of the FDCPA simply because of holding a management position. The *Kistner* court specifically noted Margelefsky's personal involvement in certain of the alleged violations of the law, and held that "Margelefsky's alleged liability is not premised solely on the fact that he works for, and is the sole member of, the Law Offices." *Id.* at 438. The individual defendant in *Kistner*, Mr. Margelefsky, performed a number of specific acts related to the alleged violations, including: (1) he regularly engaged, directly and indirectly, in the collection of debts; (2) he drafted the form letter that was sent to the Plaintiff and the subject of the suit; (3) he negotiated the terms with the mailing service provider; and (4) the remittance voucher directed the plaintiff to pay the amount due to Margelefsky personally.[3] *Id.* As explained in the previous order, Plaintiff's allegations are insufficient. (Dkt. 15.)

### III. CONCLUSION

For the reasons set forth above, it is ORDERED that Plaintiff's motion for reconsideration (Dkt. 17) is DENIED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2013

#### Certificate of Service

I hereby certify that this Order was electronically submitted on December 4, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
    Case Manager

---

[3] The factual differences are important as well. *Kistner* was a putative class action in which it was alleged that the firm and Margelefsky sent a very large number of form letters to thousands of debtors and that those letters violated the FDCPA. Thus, Margelefsky's involvement in the development of that collection practice was determinative. Here, where there is essentially one complained of action that was, according to the allegations, not made by Fishman and not even brought to Fishman's attention, the factors to consider are necessarily less broad.

4